PETERSON, Judge.
Francisco Abreu, Robert L. Baity, Jr., Margarita Jimenez and Earl T. Rankin, appeal an order of the Unemployment Appeals Commission (UAC) affirming the appeals referee’s decision to deny unemployment benefits. The appeals referee denied benefits based on the labor dispute disqualification provision of subsection 443.101(4), Florida Statutes (1995). Appellants argue that when they made unconditional offers to return to work, the labor dispute disqualification of subsection 443.101(4), Florida Statutes (1995), no longer applied. We agree.
Appellants were employees of the Grosve-nor Resort Hotel (the employer) and members of the AFL-CIO local collective bargaining unit (the union). On September 27, 1996, the union entered an unfair labor practice strike which continued to exist through the time the hearing took place before the appeals referee. On November 15, 1996, however, appellants, except Abreau, through their union unconditionally offered to return to work. Abreau made his unconditional offer to return to work on December 2, 1996.
The employer responded that permanent replacement employees had been hired but should a permanent replacement employee terminate employment within 90 days, creating an opening to be filled, the replaced employee would be given first priority for rehire.
Following the employer’s rejection of their unconditional offers to return to work, appellants applied for and were denied unemployment benefits. The appeals referee affirmed the denial of unemployment benefits determining, inter alia, that they were disqualified for benefits because their unemployment was due to a labor dispute in active progress. The decision of the appeals referee was affirmed by the Unemployment Appeals Commission (UAC), and this appeal ensued.
The UAC apparently agreed with the appeals referee that because the union strike was still in progress, the labor dispute was still active as it related to appellants, and therefore appellants were not eligible for unemployment compensation benefits pursuant to the disqualification provision of section 443.101. Section 443.101, Florida Statutes (1995), commonly referred to as the labor dispute disqualification statute, provides in pertinent part:
*1005 443.101 Disqualification for benefits.— An individual shall be disqualified for benefits:
***** *
(4) For any week with respect to which the division finds that his total or partial unemployment is due to a labor dispute in active progress which exists at the factory, establishment, or other premises at which he is or was last employed; except that this subsection shall not apply if it is shown to the satisfaction of the division that:
(a)l. He is not participating in, financing, or directly interested in the labor dispute which is in active progress; however, the payment of regular union dues shall not be construed as financing a labor dispute within the meaning of this section....
The First District Court of Appeal in Quincy Corp. v. Aguilar, 704 So.2d 1055 (Fla. 1st DCA 1997), recently construed this disqualification statute with a factual scenario identical to the instant case. The Aguilar court determined that when initially disqualified workers unconditionally offer to return to work, but are denied employment because there are no jobs available to them, the statutory disqualification provision is no longer applicable to them because the cause of their unemployment is no longer their refusal to work. Stated differently, when employees offer to return to work unconditionally, they are no longer actively involved in the labor dispute. When an employer fails to rehire the employees, the employees are entitled to unemployment compensation benefits.
The Aguilar court adopted a current causation analysis and further noted that it may be possible for the employer to obtain a determination that employees who have unconditionally offered to return to work continue to be disqualified from receiving unemployment compensation because their current unemployment is caused by their post-strike activities which constitute a “labor dispute in active progress.” Id. at 1065. The Aguilar court further held it is the employer’s burden to obtain such determination. Id. In the instant case, it is undisputed that appellants did not participate in any labor strike aetivities after unconditionally offering to return to work, and no other proof was offered by Grosvenor Resort; therefore, the appeals referee and the UAC erred as a matter of law in denying appellants their unemployment benefits.
We vacate the denial of benefits and remand for an appropriate award.
ORDER VACATED; REMANDED.
GRIFFIN, C.J., and GOSHORN, J., concur.